BARRY, Judge,
dissenting in part.
In order to permit Jack New to collect accrued back leave, the majority adopts the logic of Boyce v. Dept. of Streets, 518 So.2d 20 (La.App. 4th Cir.1987), which condoned the fraudulent work habits of field survey crews for over thirty years.
The Civil Service Commission rationalizes:
We conclude as we did with regard to the appellants in the earlier cases [Boyce} that appellant New cannot be held responsible for following the practices of the Department of Streets with regard to work schedules and payroll record keeping.
I have compassion for Mr. New (age 87) and recognize his work longevity (33 years). Neither of these facts negate his admission that he never worked past noon and that he regularly submitted phony time cards claiming eight hours of daily work. Regardless of his superior’s approval, Mr. New did not earn and is not entitled to accrued back pay.
Mr. New was clearly wrong, the Commission was clearly wrong by closing its eyes to the “well known” practice, and the majority is clearly wrong by separating Mr. New from “the admitted fraud” of all three employees.